IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHERRY LYNN KING,

                Plaintiff,                               ORDER

v.                                                     10-cv-838-wmc

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

---

Sherry Lynn King has filed a civil complaint against the Social Security Administration. She has requested leave to proceed under the *in forma pauperis* statute, 28 U.S.C. §1915. From plaintiff's affidavit of indigency, I find that she receives $347 a month in child support. She has two dependents. Because plaintiff's gross annual income is less than $16,000, she qualifies financially to proceed without prepaying the fees and costs of filing his action.

The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In her complaint, plaintiff requests "Social Security Appeal Council review of an administrative Law Judge's decision to deny my claim for Supplemental Security Income." This statement does not suggest that plaintiff is seeking judicial review of a final decision of the commissioner, as allowed by 42 U.S.C. § 405(g). Therefore, before allowing plaintiff to proceed, she must submit more information. In particular, if indeed plaintiff is contesting a final decision by the commissioner, she must identify the date of the commissioner's decision. The best way for plaintiff to do this is to submit a copy of the administrative law judge's decision or a copy of

a letter from the Appeals Council authorizing her to file a federal action. Alternatively, plaintiff may submit a letter stating the date on which the final decision in his case was issued and the name of the person or agency who issued it. Upon receipt of that information, the court will deem it to be an amendment to the complaint and will reconsider plaintiff's application to proceed *in forma pauperis*.

ORDER

The application of Sherry Lynn King for permission to proceed *in forma pauperis* is STAYED until plaintiff submits information to the court identifying the final decision that she is challenging and providing the additional information requested above. Plaintiff has until January 24, 2011 in which to submit this information. If she fails to do so, her complaint will be dismissed for his failure to prosecute it.

Entered this 3rd day of January, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2